1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

7
8
9

JAMISON F. MARRA,                                  No.

10
                              Petitioner,          PETITION TO QUASH OR LIMIT IRS
                                                   SUMMONS
11
and
12
UNITED STATES OF AMERICA, on behalf of
13   its agency THE DEPARTMENT OF TREASURY,
     and its bureau, THE INTERNAL REVENUE
14   SERVICE,

15                            Respondent

16
17
18
19        Jamison F. Marra, Petitioner, through his attorney, petitions this Court pursuant to 26 USC

20   § 7609(b), for an order quashing or limiting the Summons issued by the Internal Revenue Service to

21   Mr. Marra's Chapter 7 Bankruptcy Trustee Edmund Wood, as follows:

22
23

24   PETITION TO QUASH OR LIMIT IRS SUMMONS - Page 1 of 6

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

25

1        1.      Mr. Marra filed a Chapter 7 bankruptcy petition in the U.S. Bankruptcy Court for the

Western District of Washington on July 27, 2018, Case No. 18-12920. Edmund Wood was appointed

as Chapter 7 Trustee. The case remains open.

        2.      At the time of his bankruptcy filing Mr. Marra, along with his estranged wife

Shannon Marra, owed in excess of $4,735,000 to the IRS. While the Chapter 7 Trustee will likely

distribute $1 million or more on this tax debt, undoubtedly a large tax debt will remain after the

close of the Chapter 7 case. The stay on collection from postpetition earnings or assets of Mr. Marra

has expired by operation of law. 11 USC § 362(c)(2). With the stay expiring, the IRS has begun to

actively collect on this tax obligation. Mr. Marra, in turn, has engaged a tax professional to discuss

entering into a payment agreement and/or an offer-in-compromise.

        3.      On July 16, 2020, the IRS issued a Summons to the Chapter 7 Trustee Edmund

Wood. A copy is attached hereto. The Summons was issued pursuant to 26 USC § 7602(a)(2), which

sets out the IRS's ability to examine books and records held by third parties.

        4.      The Summons directs Mr. Wood to appear at the IRS offices in Seattle on August 17,

2020, and to produce:

> All documents related to the bankruptcy filings of Jamison Marra (AKA Marra Bankruptcy).
> Including but not limited to agreements, financial records and trustee analysis of documents
> related to the Marra bankruptcy. Also include correspondence between Edmund Woods'
> office and the US Trustee's office, attorneys representing Jamison Marra, attorneys
> representing Shannon Marra, attorneys representing Give Cloud Inc. (d/b/a Singularity
> Partners), and/or employees or officers or attorneys of employees/officers of Give Cloud Inc.
> (d/b/a Singularity Partners), that relate to the Marra Bankruptcy. Also include transcripts of
> interviews conducted in relation to the Marra Bankruptcy. Included in the financial records
> should be a copy of any and all checks/payments made to trustee Wood from Jamison Marra.
> Also include a financial accounting and current holdings of the Marra Bankruptcy Estate.

PETITION TO QUASH OR LIMIT IRS SUMMONS - Page 2 of 6

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

The Summons thus asks Mr. Wood to produce essentially his entire file on this case.

5.       This Court has jurisdiction to hear this motion, under 26 USC § 7609(h).

6.       This Petition is being filed within 20 days of the date of issuance of the Summons. The Summons was issued on July 16, 2020, making this Petition timely. 26 USC § 7609(b)(2)(A). No examination may be made while this motion is pending. 26 USC § 7609(d).

7.       Mr. Marra does not object to the Chapter 7 Trustee's production of financial records that the Trustee acquired from Mr. Marra or third parties in the course of his investigation records; that is, bank statements, tax records, and other regularly kept financial records that the Trustee obtained by subpoena. Mr. Marra also has no objection to the production of transcripts including deposition transcripts, or the Trustee's financial records related to the bankruptcy administration including checks from Mr. Marra and a financial accounting of the bankruptcy case.

8.       Mr. Marra objects, however, to the request for information and documents that are protected by applicable privileges, and/or are settlement communications or other material that the Trustee has agreed to keep confidential.

9.       During the Trustee's investigation of Mr. Marra's assets, liabilities, and financial affairs, the parties engaged in settlement discussions that were within the scope of Federal Rule of Evidence 408. This material includes emails between counsel, meeting notes, analyses, settlement proposals, and a lengthy draft complaint prepared by the Trustee's counsel and presented to Mr. Marra and third-party targets of the Trustee's investigation under the settlement-communication umbrella and as leverage for settlement discussions.

PETITION TO QUASH OR LIMIT IRS SUMMONS - Page 3 of 6

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

 10. Ultimately, the Trustee, Mr. Marra, and the targets of the Trustee's potential avoidance actions entered into a settlement agreement. That agreement was attached to the Trustee's declaration for approval of the settlement filed with the Bankruptcy Court. Notice of the proposed settlement was sent to all of Mr. Marra's creditors including the IRS. Neither the IRS nor anyone else objected to the settlement, which was approved by the Bankruptcy Court on December 31, 2019.

 11. The settling parties, including Mr. Marra and the Trustee, affirmatively bargained for a confidentiality provision as part of the overall agreement. That provision is in Section 5 of the Agreement, and reads:

> **5. Confidentiality.** Except as required by law, including compliance with his legal obligations pursuant to 18 U.S.C. § 3057(a), as directed by any court, or as necessary to respond to objections to the Trustee's or his professionals' compensation, the Trustee shall keep confidential and shall not disclose to any person or entity or their counsel any of the Trustee's analysis, internal communications with counsel, draft pleadings, demonstrative aids, and settlement communications, to the extent not previously included in the Trustee's publicly filed pleadings or the pleadings approved by the Debtor's counsel filed by the Trustee in connection with obtaining Bankruptcy Court approval of this Agreement. Where the Trustee's publicly filed pleadings make an allegation in general terms, details not previously included in the publicly filed pleading shall remain confidential. Further, to the extent the Trustee or his professionals are the recipient of any requests from third persons that might include or encompass the material described as confidential herein, the Trustee or his professionals shall provide sufficient advance notice to the Parties' counsel of any such request to allow the Parties to react and respond to such request. The Trustee's compliance with the subpoenas previously issued on behalf of Shannon Marra directing turnover of documents obtained by the Trustee in response to subpoenas issued by the Trustee prior to the date of this Agreement shall not constitute a violation of this Paragraph 5.

 12. The IRS Summons directs the Trustee to produce "All documents" related to the bankruptcy filing, including the "trustee analysis of documents" and correspondence between the Trustee and attorneys representing Mr. Marra, Ms. Marra, and the Trustee. The Summons thus

PETITION TO QUASH OR LIMIT IRS SUMMONS - Page 4 of 6

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

requires production of material that the parties to the litigation exchanged under an explicit understanding of confidentiality, and that the Trustee specifically agreed in Section 5 to keep confidential. The settlement agreement requires the Trustee not to disclose "the Trustee's analysis, internal communications with counsel, draft pleadings, demonstrative aids, and settlement communications."

13.     The Bankruptcy Court approved—after notice to all creditors including the IRS—a settlement that included a confidentiality provision. This Court should enforce that agreement by not permitting the IRS to breach the bargained-for confidentiality.

14.     Federal Rule of Evidence 408 permits parties to freely communicate about the merits of claims and settlements without risk that these discussions may be used against them. Yet the IRS would command the Trustee to turn over these written communications, which were exchanged in confidence that they were not to be used except in settlement discussions.

15.     The IRS is empowered by statute to issue a third-party summons for the purpose of collecting on a tax liability. *United States v. Clarke,* 573 U.S. 248, 250 (2014). While documents such as bank statements or business financials records may aid in collection, the communications of attorneys engaged in settlement discussions, analyses and arguments derived from documents, and drafts of agreements or threatened litigation are not documentary evidence and do not aid in collection. They thus fall outside the scope of what the IRS may demand.

PETITION TO QUASH OR LIMIT IRS SUMMONS - Page 5 of 6

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

FOR THESE REASONS, Petitioner Jamison Marra requests an order limiting the IRS Summons directed to Edmund Wood, Chapter 7 Trustee as described herein.

DATED August 3, 2020.

WENOKUR RIORDAN PLLC

*/s/ Alan J. Wenokur*

_____
Alan J. Wenokur, WSBA # 13679
Attorney for Jamison F. Marra
600 Stewart St., Suite 1300
Seattle, WA 98101
206-682-6224
alan@wrlawgroup.com

PETITION TO QUASH OR LIMIT IRS SUMMONS - Page 6 of 6

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)



# **Summons**

In the matter of  **JAMISON MARRA, 19450 163RD CT NE, WOODINVILLE, WA 98072**

Internal Revenue Service (Division):  **SMALL BUSINESS/SELF EMPLOYED**

Industry/Area (name or number):  **Small Business / Self Employed**

Periods:  **Form 1040 for the calendar periods ending December 31, 2015, December 31, 2016, December 31, 2017 and December 31, 2018**

## The Commissioner of Internal Revenue

To:  **EDMUND WOOD**

At:  **303 N 67TH AVE,   SEATTLE, WA  98103**

You are hereby summoned and required to appear before JOHN CURT, an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

All documents related to the bankruptcy filings of Jamison Marra (AKA Marra Bankruptcy). Including but not limited to agreements, financial records and trustee analysis of documents bearing on Marra's financial status. Also include correspondence between Edmund Woods' office and the US Trustee's office, attorneys representing Jamison Marra, attorneys representing Shannon Marra, attorneys representing Give Cloud Inc. (d/b/a Singularity Partners), and/or employees or officers or attorneys of employees/officers of Give Cloud Inc. (d/b/a Singularity Partners), that relate to the Marra Bankruptcy. Also include transcripts of all interviews conducted in relation to the Marra Bankruptcy. Included in the financial records should be a copy of any and all checks/payments made to trustee Wood from Jamison Marra. Also include a financial accounting and current holdings of the Marra Bankruptcy Estate.

When the documents are finalized, and the summons response is complete please contact Revenue Officer John Curt at Ph#206-946-3378 to arrange for delivery.

---

### Attestation

**I hereby certify that I have examined and compared this copy of the summons with the original and that it is a true and correct copy of the original.**

_____          **REVENUE OFFICER, 1002837979**
Signature of IRS Official Serving the Summons                    Title

**Business address and telephone number of IRS officer before whom you are to appear:**

 915 SECOND AVENUE, M/S W216,  SEATTLE  WA  98174-1009  (206) 946-3378

**Place and time for appearance at:**   915 SECOND AVENUE, M/S W216, SEATTLE, WA  98174-1009

**IRS**
Department of the Treasury
Internal Revenue Service

www.irs.gov

Form 2039(Rev. 10-2010)
Catalog Number 21405J

on the  17th  day of  August  ,  2020  at  8:00  o'clock  a  m.

Issued under authority of the Internal Revenue Code this  16th   day of  July_____ ,  2020____

JOHN  CURT _____          **REVENUE OFFICER**
Signature of Issuing Officer                    Title

Brent Campbell

Signature of Approving Officer *(if applicable)*          **GROUP MANAGER**
                                                            Title

**Part A -- to be given to person summoned**

# Provisions of the Internal Revenue Code

## Sec. 7602. Examination of books and witnesses

(a) Authority to Summon, etc.—For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized—

(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry.

(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

(b) Purpose may include inquiry into offense.—The purposes for which the Secretary may take any action described in paragraph (1), (2), or (3) of subsection (a) include the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws.

(c) Notice of contact of third parties.—

(1) General Notice.—An officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made.

(2) Notice of specific contacts.—The Secretary shall periodically provide to a taxpayer a record of persons contacted during such period by the Secretary with respect to the determination or collection of the tax liability of such taxpayer. Such record shall also be provided upon request of the taxpayer.

(3) Exceptions.—This subsection shall not apply—

(A) to any contact which the taxpayer has authorized,

(B) if the Secretary determines for good cause shown that such notice would jeopardize collection of any tax or such notice may involve reprisal against any person, or

(C) with respect to any pending criminal investigation.

(d) No administrative summons when there is Justice Department referral.

(1) Limitation of authority.—No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person.

(2) Justice Department referral in effect.—For purposes of this subsection—

(A) In general.—A Justice Department referral is in effect with respect to any person if—

(i) the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws, or

(ii) any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information (within the meaning of section 6103(b)) relating to such person.

(B) Termination.—A Justice Department referral shall cease to be in effect with respect to a person when—

(i) the Attorney General notifies the Secretary, in writing, that—

(I) he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws,

(II) he will not authorize a grand jury investigation of such person with respect to such an offense, or

(III) he will discontinue such a grand jury investigation.

(ii) a final disposition has been made of any criminal proceeding pertaining to the enforcement of the internal revenue laws which was instituted by the Attorney General against such person, or

(iii) the Attorney General notifies the Secretary, in writing, that he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws relating to the request described in sub paragraph (A)(ii).

(3) Taxable years, etc., treated separately.—For purposes of this subsection, each taxable period (or, if there is no taxable period, each taxable event) and each tax imposed by a separate chapter of this title shall be treated separately.

(e) Limitation on examination on unreported income.—The Secretary shall not use financial status or economic reality examination techniques to determine the existence of unreported income of any taxpayer unless the Secretary has a reasonable indication that there is a likelihood of such unreported income.

---

Authority to examine books and witnesses is also provided under sec. 6420(e)(2)-- Gasoline used on farms; sec. 6421(g)(2)--Gasoline used for certain nonhighway purposes by local transit systems, or sold for certain exempt purposes; and sec. 6427(j)(2)--Fuels not used for taxable purposes.

* * * * *

## Sec. 7603. Service of summons

(a) In general—A Summons issued under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode; and the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons. When the summons requires the production of books, papers, records or other data, it shall be sufficient if such books, papers, records, or other data are described with reasonable certainty.

(b) Service by mail to third-party recordkeepers.—

(1) In general.—A summons referred to in subsection (a) for the production of books, papers, records, or other data by a third-party recordkeeper may also be served by certified or registered mail to the last known address of such recordkeeper.

(2) Third party recordkeeper.—For purposes of paragraph (1), the term third-party recordkeeper means—

(A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section 501(c)(14)(A));

(B) any consumer reporting agency (as defined under section 603(f) of the Fair Credit Reporting Act (15 U.S.C. 1681 a(f));

(C) any person extending credit through the use of credit cards or similar devices;

(D) any broker (as defined in section 3(a)(4) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(4));

(E) any attorney;

(F) any accountant;

(G) any barter exchange (as defined in section 6045(c)(3));

(H) any regulated investment company (as defined in section 851) and any agent of such regulated investment company when acting as an agent thereof;

(I) any enrolled agent; and

(J) any owner or developer of a computer software source code (as defined in section 7612(d)(2)). Subparagraph (J) shall apply only with respect to a summons requiring the production of the source code referred to in subparagraph (J) or the program and data described in section 7612(b)(1)(A)(ii) to which source code relates.

## Sec. 7604. Enforcement of summons

(a) Jurisdiction of District Court. --If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

(b) Enforcement.--Whenever any person summoned under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States Commissioner for the district within which the person so summoned resides or is found for an attachment against him as for a contempt, it shall be the duty of the judge or Commissioner to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States Commissioner shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempt, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

---

## Sec. 7605. Time and place of examination

(a) Time and place.--The time and place of examination pursuant to the provisions of section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 shall be such time and place as may be fixed by the Secretary and as are reasonable under the circumstances. In the case of a summons under authority of paragraph (2) of section 7602, or under the corresponding authority of section 6420(e)(2), 6421(g)(2), or 6427(j)(2), the date fixed for appearance before the Secretary shall not be less than 10 days from the date of the summons.

* * * * *

## Sec. 7610. Fees and costs for witnesses

(a) In general.--The Secretary shall by regulations establish the rates and conditions under which payment may be made of--

(1) fees and mileage to persons who are summoned to appear before the Secretary, and

(2) reimbursement for such costs that are reasonably necessary which have been directly incurred in searching for, reproducing, or transporting books, papers, records, or other data required to be produced by summons.

(b) Exceptions.--No payment may be made under paragraph (2) of subsection (a) if--

(1) the person with respect to whose liability the summons is issued has a proprietary interest in the books, papers, records or other data required to be produced, or

(2) the person summoned is the person with respect to whose liability the summons is issued or an officer, employee, agent, accountant, or attorney of such person who, at the time the summons is served, is acting as such.

(c) Summons to which section applies.--This section applies with respect to any summons authorized under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602.

## Sec. 7210. Failure to obey summons

Any person who, being duly summoned to appear to testify, or to appear and produce books, accounts, records, memoranda, or other papers, as required under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), 7602, 7603 and 7604(b), neglects to appear or to produce such books, accounts, records, memoranda, or other papers, shall, upon conviction thereof, be fined not more than $1,000, or imprisoned not more than 1 year, or both, together with costs of prosecution.

Form **2039** (Rev. 10-2010)

# Notice of Payment Information for Recipients of IRS Summons

If you are a third party recipient of a summons, you may be entitled to receive payment for certain costs directly incurred which are reasonably necessary to search for, reproduce or transport records in order to comply with a summons.

This payment is made only at the rates established by the Internal Revenue Service to certain persons served with a summons to produce records or information in which the taxpayer does not have an ownership interest. The taxpayer to whose liability the summons relates and the taxpayer's officer, employee, agent, accountant, or attorney are not entitled to this payment. No payment will be made for any costs which you have charged or billed to other persons.

The rate for search costs is limited to the total amount of personnel time spent in locating and retrieving documents or information requested by the summons. Specific salaries of such persons may not be included in search costs. In addition, search costs do not include salaries, fees, or similar costs for analysis of material or for managerial or legal advice, expertise, research, or time spent for any of these activities. If itemized separately, search costs may include the actual costs of extracting information stored by computer in the format in which it is normally produced, based on computer time and necessary supplies; however, time for computer search may be paid.

Rates for reproduction costs for making copies or duplicates of summoned documents, transcripts, and other similar material may be paid at the allowed rates. Photographs, films, and other material are reimbursed at cost.

The rate for transportation costs is the same as the actual cost necessary to transport personnel to locate and retrieve summoned records or information, or costs incurred solely by the need to transport the summoned material to the place of examination.

In addition to payment for search, reproduction, and transportation costs, persons who appear before an Internal Revenue Service officer in response to a summons may request payment for authorized witness fees and mileage fees. You may make this request by contacting the Internal Revenue Service officer or by claiming these costs separately on the itemized bill or invoice as explained below.

## Instructions for requesting payment

After the summons is served, you should keep an accurate record of personnel search time, computer costs, number of reproductions made, and transportation costs. Upon satisfactory compliance, you may submit an itemized bill or invoice to the Internal Revenue Service officer before whom you were summoned to appear, either in person or by mail to the address furnished by the Internal Revenue Service officer. Please write on the itemized bill or invoice the name of the taxpayer to whose liability the summons relates.

If you wish, Form 6863, Invoice and Authorization for Payment of Administrative Summons Expenses, may be used to request payment for search, reproduction, and transportation costs. Standard Form 1157, Claims for Witness Attendance Fees, Travel, and Miscellaneous Expenses, may be used to request payment for authorized witness fees and mileage fees. These forms are available from the Internal Revenue Service Officer who issued the summons.

If you have any questions about the payment, please contact the Internal Revenue Service officer before whom you were summoned to appear.

Anyone submitting false claims for payment is subject to possible criminal prosecution.



Department of the Treasury
**Internal Revenue Service**
**www.irs.gov**

Form 2039 (Rev.10-2010)
Catalog Number 21405J

**Part B -- to be given to person summoned**

## Sec. 7609. Special procedures for third-party summons.

(a) Notice--

(1) In general.--If any summons to which this section applies requires the giving of testimony on or relating to, the production of any portion of records made or kept on or relating to, or the production of any computer software source code (as defined in 7612(d)(2)) with respect to, any person (other than the person summoned) who is identified in the summons, then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined.  Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons.

(2) Sufficiency of notice.--Such notice shall be sufficient if, on or before such third day, such notice is served in the manner provided in section 7603 (relating to service of summons) upon the person entitled to notice, or is mailed by certified or registered mail to the last known address of such person, or, in the absence of a last known address, is left with the person summoned.  If such notice is mailed, it shall be sufficient if mailed to the last known address of the person entitled to notice or, in the case of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, to the last known address of the fiduciary of such person, even if such person or fiduciary is then deceased, under a legal disability, or no longer in existence.

(3) Nature of summons.--Any summons to which this subsection applies (and any summons in aid of collection described in subsection (c)(2)(D)) shall identify the taxpayer to whom the summons relates or the other person to whom the records pertain and shall provide such other information as will enable the person summoned to locate the records required under the summons.

(b) Right to intervene; right to proceeding to quash.--

(1) Intervention.--Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right intervene in any proceeding with respect to the enforcement of such summons under section 7604.

(2) Proceeding to quash.--

(A) In general.--Notwithstanding any other law or rule of law, any person who is entitled to a notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.

(B) Requirement of notice to person summoned and to Secretary.--If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).

(C) Intervention, etc.--Notwithstanding any other law or rule of law, the person summoned shall have the right to intervene in any proceeding under subparagraph (A). Such person shall be bound by the decision in such proceeding (whether or not the person intervenes in such proceeding).

(c) Summons to which section applies.--

(1) In general.--Except as provided in paragraph (2), this section shall apply to any summons issued under paragraph (2) of section 7602(a) or under sections 6420(e)(2), 6421(g)(2), 6427(j)(2) or 7612.

(2) Exceptions.--This section shall not apply to any summons

(A) served on the person with respect to whose liability the summons is issued, or any officer or employee of such person;

(B) issued to determine whether or not records of the business transaction or affairs of an identified person have been made or kept;

(C) issued solely to determine the identity of any person having a numbered account (or similar arrangement) with a bank or other institution described in section 7603(b)(2)(A);

(D) issued in aid of the collection of--

(i) an assessment made or judgment rendered against the person with respect to whose liability the summons is issued, or

(ii) the liability at law or in equity of any transferee or fiduciary of any person referred to in clause (i).

(E)-- (i) issued by a criminal investigator of the Internal Revenue Service in connection with the investigation of an offense connected with the administration or enforcement of the internal revenue laws, and

(ii) served on a person who is not a third-party recordkeeper (as defined in section 7603(b)), or

(3) John Doe and Certain Other Summonses. -- Subsection (a) shall not apply to any summons described in subsection (f) or (f).

(4) Records.-- For purposes of this section, the term records includes books, papers, and other data.

(d) Restriction on examination of records.--No examination of any records required to be produced under a summons as to which notice is required under subsection (a) may be made--

(1) before the close of the 23rd day after the day notice with respect to the summons is given in the manner provided in subsection (a)(2), or

(2) where a proceeding under subsection (b)(2)(A) was begun within the 20-day period referred to in such subsection and the requirements of subsection (b)(2)(B) have been met, except in accordance with an order of the court having jurisdiction of such proceeding or with the consent of the person beginning the proceeding to quash.

(e) Suspension of Statute of Limitations.--

(1) Subsection (b) action.--If any person takes any action as provided in subsection (b) and such person is the person with respect to whose liability the summons is issued (or is the agent, nominee, or other person acting under the direction or control of such person), then the running of any period of limitations under section 6501 (relating to the assessment and collection of tax) or under section 6531 (relating to criminal prosecutions) with respect to such person shall be suspended for the period during which a proceeding, and appeals therein, with respect to the enforcement of such summons is pending.

(2) Suspension after 6 months of service of summons.--In the absence of the resolution of the summoned party's response to the summons, the running of any period of limitations under section 6501 or under section 6531 with respect to any person with respect to whose liability the summons is issued (other than a person taking action as provided in subsection (b)) shall be suspended for the period--

(A) beginning on the date which is 6 months after the service of such summons, and

(B) ending with the final resolution of such response.

(f) Additional requirements in the case of a John Doe summons.--

Any summons described in subsection (c)(1) which does not identify the person with respect to whose liability the summons is issued may be served only after a court proceeding in which the Secretary establishes that--

(1) the summons relates to the investigation of a particular person or ascertainable group or class of persons,

(2) there is a reasonable basis for believing that such person or group or class of persons may fail or may have failed to comply with any provision of any internal revenue law, and

(3) the information sought to be obtained from the examination of the records or testimony (and the identity of the person or persons with respect to whose liability the summons is issued) is not readily available from other sources.

(g) Special exception for certain summonses.--

A summons is described in this subsection if, upon petition by the Secretary, the court determines, on the basis of the facts and circumstances alleged, that there is reasonable cause to believe the giving of notice may lead to attempts to conceal, destroy, or alter records relevant to the examination, to prevent the communication of information from other persons through intimidation, bribery, or collusion, or to flee to avoid prosecution, testifying, or production of records.

(h) Jurisdiction of district court; etc.--

(1) Jurisdiction.--The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceedings brought under subsection (b)(2), (f), or (g). An order denying the petition shall be deemed a final order which may be appealed.

(2) Special rule for proceedings under subsections (f) and (g).--The determinations required to be made under subsections (f) and (g) shall be made ex parte and shall be made solely on the petition and supporting affidavits.

(i) Duty of summoned party.--

(1) Recordkeeper must assemble records and be prepared to produce records. On receipt of a summons to which this section applies for the production of records, the summoned party shall proceed to assemble the records requested, or such portion thereof as the Secretary may prescribe, and shall be prepared to produce the records pursuant to the summons on the day on which the records are to be examined.

(2) Secretary may give summoned party certificate.--The Secretary may issue a certificate to the summoned party that the period prescribed for beginning a proceeding to quash a summons has expired and that no such proceeding began within such period, or that the taxpayer consents to the examination.

(3) Protection for summoned party who discloses.--Any summoned party, or agent or employee thereof, making a disclosure of records or testimony pursuant to this section in good faith reliance on the certificate of the Secretary or an order of a court requiring production of records or the giving of such testimony shall not be liable to any customer or other person for such disclosure.

(4) Notice of suspension of statute of limitations in the case of a John Doe summons.--In the case of a summons described in subsection (f) with respect to which any period of limitations has been suspended under subsection (e)(2), the summoned party shall provide notice of such suspension to any person described in subsection (f).

(j) Use of summons not required.--

Nothing in this section shall be construed to limit the Secretary's ability to obtain information, other than by summons, through formal or informal procedures authorized by section 7601 and 7602.

Form **2039** (Rev. 10-2010)

| Form **6863** (Rev. 4-2014) | Department of the Treasury - Internal Revenue Service **Invoice and Authorization for Payment of Administrative Summons Expenses** |
|---|---|

**Section A – Invoice** *(Items 1 – 11 must be completed by payee)*
**IMPORTANT: Failure to complete each field in Section A may result in payment delays.**

1. Payee's Invoice No.*

2. Payee's Federal Tax ID:*

| 3. Name and address of payee*<br>EDMUND WOOD<br>303 N 67TH AVE<br>SEATTLE, WA 98103 | 4. Name and address of taxpayer to whose liability the summons relates*<br>JAMISON MARRA<br>19450 163RD CT NE<br>WOODINVILLE, WA 98072 |
|---|---|

| 5. Payment method:<br><br>Remittance should be made by EFT *(electronic funds transfer)* to the following account:<br><br>☐ Checking  ☐ Savings  ☐ General ledger | IRS Agent/Officer: Do not hold form 6863 trying to obtain or clarify information for item 5. Beckley Finance Center will pursue any needed information from the payee and return the invoice to the payee if necessary. |
|---|---|

ABA Routing # _____  Account # _____

NOTE: If receipt of payment via EFT creates a hardship and you are a sole proprietor, please contact the Beckley Finance Center at (304) 254-3300 and ask to speak with a Summons Technician.

**Service/Financial Records Provided**

6. Reproduction

  a. Photocopies or paper copies of microfiche *(per frame)*:* _____ documents at $0.20 per page   a.

  b. Storage media *(compact disk, flash drives, etc)*: Actual cost*   b.
  Search and processing

  c. Clerical/technical:* _____ hours at $8.50 per hour   c.

  d. Other costs *(including transportation)* - please specify:*   d.

I certify that this invoice, and any information therein, is true and correct to the best of my knowledge and belief, and that payment has not been received for the above services.    **Total Amount Claimed**  6e.

| 7. Printed name of financial institution official or payee* | 8a. Title* | 8b. Business email address* |
|---|---|---|

| 9. Signature of financial institution official or payee. Handwritten or electronic signature accepted* | 10. Date Signed* | 11. Telephone number* |
|---|---|---|

\* Indicates a required field

**Section B – Authorization and Certification**
*(Section B below for IRS use only)*

12. Date summons Issued:* **07/16/2020**              15. Total amount claimed*_____

13. Date complied with:* _____     16a. Disallowance (if any)* _____

14. Date invoice received:* _____     16b. Disallowance reason*: _____

                              17. Amount to payee:* _____

18. Accounting Classification: *(For questions, contact your Budget Office)*

Requisition #* _____ OR   Cost Center* **S72F555**    AND   Functional Area:* **7D**

I certify that the articles and services listed were received and that claims for excessive and unauthorized amounts have been disallowed for payment to the requestor.

| 19. Printed name of IRS Representative*<br>JOHN CURT | 20. Title*<br>REVENUE OFFICER | 21. Telephone Number*<br>(206)946-3378 |
|---|---|---|
| 22. Signature of IRS Representative* | | 23. Date Signed* |

Payment is approved and it is within my delegated authority to approve payment of this invoice.

| 24. Printed name of IRS Representative*<br>DAVID LEE | 25. Title*<br>MANAGER | 26. Telephone Number*<br>(206)946-3313 |
|---|---|---|
| 27. Signature of IRS Representative* | 28. Date Signed* | 29. Submitted by: ☐ Fax  ☐ Email  ☐ Mail<br>30. Date submitted to Beckley:* |

| Catalog no. 25140B    www.irs.gov | *(Prior revisions are obsolete)* | Form **6863** (Rev. 4-2014) |
|---|---|---|

## Instructions For Using Form 6863 — Invoice and Authorization For Payment of Administrative Summons Expenses

As a third-party recipient of a summons, you may be entitled to receive payment for certain costs directly incurred which are reasonably necessary to search for, reproduce, or transport records in order to comply with a summons.

This payment is made only at the rates established by Treasury Regulations to certain persons served with a summons to produce records or information in which the taxpayer does not have an ownership interest. The taxpayer to whose liability the summons relates, the taxpayer's officer, employee, agent, accountant, or attorney, are not entitled to this payment. No payment will be made for any costs which you have charged or billed to other persons.

When you are notified that the summons has been satisfactorily compiled with, you may submit the original itemized invoice to the Internal Revenue Service officer before whom you were summoned to appear, either in person or by mail, to the address furnished by the Internal Revenue Service. Please write on the itemized invoice the name of the taxpayer to whom the liability the summons relates. Also keep a copy of the itemized invoice for your records.

If you have any questions about the payment, please contact the Internal Revenue Service officer before whom you were summoned to appear. Anyone submitting false claims for payment is subject to possible criminal prosecution.

### Instructions

**Section A – Invoice** *(to be completed by the third party recipient of a summons)*. The information must be typed or printed legibly in ink.

**Note to Payee:** Failure to complete Section A in its entirety may result in payment delays. If items are missing, your invoice will be returned to you for completion. A revised invoice must be resubmitted to IRS agent/officer for payment.

1. **Payee's Invoice Notice:** Self-Explanatory – Your assigned invoice number

2. **Payee's Federal Tax ID** *(e.g. TIN or EIN)* – to whom payment should be issued.

   *(Items 1 & 2 are **required for payment** under 5CFR Part 1315.)*

3. **Name and Address of Payee:** Provide your complete name and address.

4. **Name & Address of Taxpayer to Whose Liability the Summons Relates:** Self Explanatory

5. **Payment Method:** Required for EFT *(electronic fund transfer)* direct deposit per Debt Collection & Improvement Act.

6. **Service/Financial Records Provided**

   **Reproduction:**

   **6a.** The rate for reproduction costs for making copies of summoned documents, transcripts, and other similar material is 20 cents per page.

   **6b.** Storage media will be reimbursed at the actual cost.

   **Search and Processing:**

   **6c.** The rate for search costs is limited to the total amount of personnel time spent in locating and retrieving documents or information requested by the summons. Search and processing costs may include the actual cost of extracting electronically stored records, based on computer time and necessary supplies. Specific salaries of such persons may not be included in search costs. In addition, search costs do not include salaries, fees, or similar costs for analysis of material or for legal advice, expertise, research, or time spent for any of these activities. Show number of hours claimed.

   **6d.** The rate for transportation costs is the same as the actual cost necessary to transport personnel to locate and retrieve summoned records or information, or costs incurred solely by the need to transport the summoned material to the place of examination. Show details of amount claimed.

   **7 - 11.** Self Explanatory

In addition to payment for search, reproduction, and transportation costs, persons who appear before an Internal Revenue Service officer in response to a summons may request payment for authorized witness mileage fees. You may make this request by contacting the Internal Revenue Service officer or by claiming these costs separately in block 6d. Show details for amount claimed.

**Section B – Authorization and Certification** - will be completed by IRS.