1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

JAMISON F. MARRA,

Case No. C20-1175RSM

8

Petitioner,

ORDER GRANTING MOTION TO
DISMISS

9

v.

10
11
12

UNITED STATES OF AMERICA, on behalf
of its agency THE DEPARTMENT
OF TREASURY, and its bureau, THE
INTERNAL REVENUE SERVICE,

13

Respondent.

14
15

## I.      INTRODUCTION

16

This matter comes before the Court on Respondent United States of America's Motion to

17

Dismiss this Petition under Rule 12(b)(1).  Dkt. #6.  The Government argues the Court lacks

18
19

subject matter jurisdiction under 26 U.S.C. § 7609 because Petitioner Jamison F. Marra cannot

20

challenge a summons issued "in aid of the collection of" his previously assessed tax liabilities.

21

Mr. Marra has filed an opposition brief.  Dkt. #8.  The Court has determined that oral argument

22

is unnecessary.  For the reasons stated below, the Court GRANTS this Motion and dismisses the

23

Petition for lack of subject matter jurisdiction.

24
25

## II.      BACKGROUND

26

The Internal Revenue Service ("IRS") is conducting an investigation for the purpose of

27

collecting outstanding federal income tax liabilities assessed against Jamison F. Marra for the

28

years 2015, 2016, 2017, and 2018.  Dkt. #7, Declaration of IRS Revenue Officer John Curt ("Curt

ORDER GRANTING MOTION TO DISMISS - 1

Decl."), ¶ 4. According to the declaration of Officer Curt, Mr. Marra's unpaid taxes for those years total over $4 million. *Id.* The Government relies heavily on this declaration and its attachments.

During the course of his investigation, Mr. Curt learned that Edmund Wood, the Chapter 7 trustee in Mr. Marra's bankruptcy case, *In re Jamison F. Marra*, No. 18-12920-CMA (Bankr. W.D. Wash.) ("Marra Bankruptcy"), has records pertaining to Marra's financial situation and assets. Curt Decl. at ¶¶ 7-9. Mr. Curt believes this information may be relevant to the IRS's collection activities against Marra and may allow the IRS to identify potential sources for collecting Marra's unpaid taxes. *Id.* at ¶ 9. The bankruptcy court revoked Marra's discharge on January 16, 2020, removing this obstacle to an IRS collection. *Id.*, ¶ 7; Marra Bankruptcy, Dkt. #313.

On July 16, 2020, Mr. Curt issued an IRS summons to Mr. Wood to aid in the collection (the "Summons"). Curt Decl., ¶ 5 & Ex. A; Dkt. #1 at 7. The Summons was served by certified mail on July 16, 2020. Curt Decl., ¶ 6 & Ex. B.

The Summons directed Mr. Wood to produce "[a]ll documents related to the bankruptcy filings of Jamison Marra (AKA Marra Bankruptcy). Including but not limited to agreements, financial records and trustee analysis of documents bearing on Marra's financial status." Curt Decl., ¶ 8. The Summons also included "correspondence between Edmund Woods' [sic] office and the US Trustee's office, attorneys representing Jamison Marra, attorneys representing Shannon Marra, attorneys representing Give Cloud Inc. (d/b/a Singularity Partners), and/or employees or officers or attorneys of employees/officers of Give Cloud Inc. (d/b/a Singularity Partners), that relate to the Marra Bankruptcy." *Id.* The Summons further included "transcripts of all interviews conducted in relation to the Marra Bankruptcy" and "a financial accounting and

ORDER GRANTING MOTION TO DISMISS - 2

current holdings of the Marra Bankruptcy Estate." *Id*. The Summons stated that the financial records should include "a copy of any and all checks/payments made to trustee Wood from Jamison Marra." *Id*.

Based on filings in the Marra Bankruptcy and conversations with Mr. Wood, Mr. Curt believes that Mr. Wood has prepared an analysis of the documents bearing on Marra's financial status, along with a draft complaint that Mr. Wood had intended to file (or refer to the U.S. Trustee) before the global settlement was reached. *Id.* at ¶ 20. Mr. Curt states via declaration that this analysis will reflect detailed research on Mr. Marra's finances and thus potential collection sources. *Id*. at ¶ 21.

The IRS does not possess any of the documents and information sought by the Summons. *Id.* at ¶¶ 19, 28. All administrative steps required by the Internal Revenue Code for issuance and service of the Summons have apparently been followed—this is not contested. *Id*. at ¶ 29. No Justice Department referral, as defined by 26 U.S.C. § 7602(d)(2), is in effect with respect to Marra for the tax liabilities under investigation by Mr. Curt. *Id*. at ¶ 33.

On August 3, 2020, Mr. Marra filed a petition in this case to quash or limit the Summons. Dkt. #1. He asserts the Court has jurisdiction to hear his petition under 26 U.S.C. § 7609. *Id*., ¶ 5. The Petition objects to information that Mr. Marra alleges is "protected by applicable privileges and/or are settlement communications or other material that the Trustee has agreed to keep confidential." *Id*. at ¶ 8. Mr. Marra contends that Mr. Wood's settlement-related correspondence should be excluded from the Summons due to Fed. R. Evid. 408 and a confidentiality provision in the Marra Bankruptcy settlement. *Id*. at ¶¶ 9-14. Mr. Wood has yet to produce the records requested in the Summons, due to Mr. Marra's petition. Curt Decl., ¶ 27.

ORDER GRANTING MOTION TO DISMISS - 3

### III.    DISCUSSION

#### A.  Legal Standard

To establish subject matter jurisdiction in an action against the United States, there must be: (1) "statutory authority vesting a district court with subject matter jurisdiction;" and (2) "a waiver of sovereign immunity." *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1016 (9th Cir. 2007).  The party asserting jurisdiction has the burden of establishing jurisdiction. *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)).

Under Rule 12(b)(1), a defendant may challenge the plaintiff's jurisdictional allegations in one of two ways: (1) a "facial" attack that accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction, or (2) a "factual" attack that contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings.  *Leite v. Crane Co.*, 749 F.3d 1117, 1121-22 (9th Cir. 2014).  When a party raises a facial attack, the court resolves the motion as it would under Rule 12(b)(6), accepting all reasonable inferences in the plaintiff's favor and determining whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction.  *Id*. at 1122.

#### B.  Analysis

The Government argues that under 26 U.S.C. § 7609(c)(2)(D), Mr. Marra is not entitled to notice of a summons issued "in aid of the collection" of taxes assessed against him.  If this is the case, he cannot file a petition to quash or limit the Summons under that statute and the Court lacks subject matter jurisdiction under § 7609 (the only basis provided by Mr. Marra for the Court's jurisdiction).

ORDER GRANTING MOTION TO DISMISS - 4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Whether a summons falls under § 7609(c)(2)(D) has been discussed by the Ninth Circuit in *Viewtech, Inc. v. United States*, 653 F.3d 1102, 1105 (9th Cir. 2011) and *Ip v. United State*s, 205 F.3d 1168, 1175-76 (9th Cir. 2000).  Both parties cite exclusively to these cases on this issue. *Viewtech* states that "a third party should receive notice that the IRS has summonsed the third party's records unless the third party was the assessed taxpayer, a fiduciary or transferee of the taxpayer, or the assessed taxpayer had 'some legal interest or title in the object of the summons.'" 653 F.3d at 1105 (quoting *Ip*, 205 F.3d at 1175).

Here, the Government presents sufficient evidence that the summonses were issued in aid of the collection of taxes against Mr. Marra.  Mr. Marra speculates that the summons at issue was overly broad and includes information that may not be relevant to collection.  *See* Dkt. #8 at 4, 7.  The Court agrees with the Government that these arguments are ultimately aimed at the *Powell* factors that determine whether a summons is enforceable, *see United States v. Powell*, 379 U.S. 48, 57-58 (1964), and that these arguments are not relevant to the threshold issue of jurisdiction under 26 U.S.C. § 7609.  The Court agrees with the Government that the records at issue fall squarely in the exception outlined in *Viewtech* above because the records are either Mr. Marra's records or because he had some legal interest or title in the object of the summons.  As the Government succinctly puts it on Reply:

> The Summons is not targeting third-party records that are unrelated to Marra. Curt Decl., ¶¶ 8-26. Since the Summons asks for Wood's records relating to Marra's bankruptcy case, all of the records presumably pertain to Marra himself or his transferor/transferee relationship with third parties. Marra's declaration seems to confirm this. *See* Marra Decl., ¶¶ 8-9. In other words, the information that the IRS seeks lines up almost perfectly with the categories of information that Marra himself admits are covered by the § 7609(c)(2)(D) notice exception. *See* Marra Opp. at 6.

ORDER GRANTING MOTION TO DISMISS - 5

1

2

Dkt. #11 at 3.  The Court is convinced by the record that the requested records can aid in the

collection of taxes even though they relate to activities that occurred prior to July 27, 2018.

3

4

5

6

7

Given the above, the Court finds that notice was not required under the statute, and

without such requirement the statute cannot serve as a basis for subject matter jurisdiction.  Mr.

Marra has otherwise failed to demonstrate such jurisdiction or waiver of sovereign immunity.

Accordingly, dismissal under Rule 12(b)(1) is proper.

8

### IV.    CONCLUSION

9

10

11

12

13

Having considered the applicable briefing submitted by the parties and the entire record,

the Court hereby finds and ORDERS that Respondent United States of America's Motion to

Dismiss this Petition under Rule 12(b)(1), Dkt. #6, is GRANTED.  This Petition is DISMISSED

and this case is CLOSED.

14

DATED this 18th day of February, 2021.

15

16

17

18

19

_____
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

ORDER GRANTING MOTION TO DISMISS - 6